IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

**NEHEMIAH JACKSON,**          :
                               :
   **Plaintiff,**             :
                               :
v.                             :      **Criminal Action No.**
                               :      **5:08-CV-458-HL**
**CONNER COLLINS INC., et al,**:
                               :
   **Defendants.**            :
                               :
                               :
                               :

# ORDER

Before the Court is Plaintiff's Motion to Proceed In Forma Pauperis (Doc. 2) and Motion to Appoint Counsel (Doc. 3). Pursuant to 28 U.S.C.A. § 1915(a), a district court must determine whether the statements contained in an in forma pauperis affidavit satisfy the requirement of poverty. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004). According to the court in Martinez, "an affidavit will be held sufficient if it represents that the litigant, because of [his] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [himself] and [his] dependents." Id. at 1307. After reviewing Plaintiff's Motion and Affidavit, this Court finds that Plaintiff is are unable to pay the costs of commencing this action, and therefore, Plaintiff's Motion to Proceed IFP is granted.

Because Plaintiff is proceeding IFP, this Court is required to dismiss this case

1

if, among other things, it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). Under Federal Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "'give the defendant fair notice of what the...claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)) (alteration in original). The complaint must contain enough factual allegations to "raise a right to relief above the speculative level." Id. at 1965.

In this case, Plaintiff's Complaint (Doc. 1) should be dismissed for failure to state a claim. In short, Plaintiff's Complaint is incoherent. Plaintiff's Complaint consist largely of disjointed and verbose recitations of statutory and case law related primarily to race discrimination. However, the Complaint lacks any coherent factual allegations whatsoever. Although pro se complaints should be liberally construed, courts are not required to sustain a pro se complaint that is incoherent, and which provides no adequate basis to discern the nature of the plaintiff's claims. See Barsella v. United States, 135 F.R.D. 64, 66 (S.D.N.Y. 1991). Accordingly, Plaintiff's Complaint is dismissed without prejudice for failure to state a claim.

**SO ORDERED**, this the 5th day of January, 2009

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

wjc